EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.S., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; Officer | ) |
| [FIRST NAME UNKNOWN] RODRIGUES, in | ) |
| his individual capacity; | ) |
| | ) |
| Defendant. | ) |

## INTRODUCTION

1.      Plaintiff K.S. served a sentence in the Bureau of Prisons and was housed at Federal Correctional Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for two years.

2.      While housed at FCI Dublin, Plaintiff K.S. faced constant sexual harassment, culminating in multiple instances of sexual abuse.

*K.S. v. United States of America*, No.
Complaint for Damages and Jury Demand - 1

3. Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4. As a result, Plaintiff K.S. suffers from long-lasting trauma.

**JURISDICTION AND VENUE**

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff K.S. will list this case on the bi-monthly list that will be submitted to the Court to relate this case to those other cases.

**PARTIES**

9. Plaintiff K.S. was at all times relevant here incarcerated in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institution Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11. Defendant [First Name Unknown] Rodrigues was, at all times relevant hereto, a Correctional Officer at FCI Dublin. He is sued in his individual capacity. Plaintiff K.S. is unsure of the spelling of Defendant's name beyond remembering that it had an unusual spelling. However, she described Defendant Rodrigues as approximately 5'8", slender with an athletic build, curly mid-length hair, and Afro-Latino.

12.	While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff K.S. Plaintiff K.S. was dependent upon Defendant United States for her personal security and necessities.

13.	In performing the acts and/or omissions contained herein, Defendant Rodrigues acted under color of federal law, and Plaintiff K.S. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff K.S. The United States knew or should have known that Defendant Rodrigues' conduct, attitudes, actions, and omissions were a threat to Plaintiff K.S. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendant United States failed to take steps to protect Plaintiff K.S. and to ensure her rights to safety from sexual abuse.

## FACTS

14.	From April 2022 through April 2024, Plaintiff K.S. was incarcerated at FCI Dublin.

15.	During that time, Plaintiff K.S. became intimately familiar with why it was known as "the Rape Club".

16.	She experienced sexual harassment and abuse from guards regularly and saw such abuse happening to other women at Dublin.

17.	Plaintiff K.S. was sexually abused by Defendant Rodrigues.

18.	Initially, he verbally harassed Plaintiff by making sexual comments on a regular basis.

19.	When K.S. did not respond positively to these sexual advances, Defendant Rodrigues grew angry and threatened her.

20.	Fearing for her safety, Plaintiff K.S. reported the sexual harassment and threats to her case manager, Ms. Groover.

21.	Ms. Groover did nothing to protect her and did not, to Plaintiff K.S.'s knowledge, make a Prison Rape Elimination Act ("PREA") report.

22.	Defendant Rodrigues learned that Plaintiff K.S. reported him, and in May 2023, he entered Plaintiff K.S.'s room and threatened to ruin her life if she did not "play by his rules."

23.     He told her that he could get away with anything he wanted because he had the union behind him, and if he wanted to, he could take all of her property and place her in the special housing unit ("SHU").

24.     Plaintiff K.S. asked him what he wanted and he responded that she should dance for him.

25.     Plaintiff K.S. complied to avoid being placed in the SHU.

26.     While she was forced to dance for him, he groped her vagina over her clothing and also digitally penetrated her vagina underneath her clothing.

27.     He then forced her to take all of her clothes off and dance for him naked.

28.     He was in her room for approximately 20 minutes and no one interrupted his misconduct.

29.     After this encounter, Defendant Rodrigues would come by her room to watch her naked or stand by the shower while she was bathing to look at her naked.

30.     In approximately June 2023, about a month after he forced her to dance for him and penetrated her vagina with his finger, Defendant Rodrigues came into her cell again and demanded oral sex from her.

31.     Plaintiff K.S. resisted and Defendant Rodrigues grabbed her head and forced her mouth onto his penis.

32.     After he ejaculated in her mouth, she wiped his semen on a shirt in an attempt to save the evidence.

33.     She then put the shirt with her property.

34.     Plaintiff K.S. was unable to retrieve this clothing once Dublin was shut down.

35.     Plaintiff K.S. filed a PREA complaint around the end of May 2023 or June 2023.

36.     Plaintiff K.S. requested to see a mental health specialist at Dublin but was not granted access to one.

37.     As a result of the sexual abuse and the following lack of support in navigating the traumatic events, Plaintiff K.S. experienced anxiety, fear, Post Traumatic Stress Disorder from previous sexual assaults, including childhood sexual abuse, and paranoia.

38. Plaintiff K.S. regularly saw how other prisoners would face retaliation for reporting sexual abuse or harassment, including loss of privileges, prolonged confinement in the SHU, or loss of good-time credit resulting in a longer BOP sentence.

39. She also witnessed how those in SHU were denied a monthly phone call, not allowed visitors, and sometimes confined in the cell for 24 hours a day.

40. She continued having to interact with Defendant Rodrigues until he was removed from the prison, and she was terrified every time.

41. Defendant Rodrigues' conduct towards Plaintiff K.S. and others was overt and obvious.

42. Plaintiff K.S. lived in fear of Defendant Rodrigues and experienced great anxiety, fear, shame, and embarrassment over what he did to her.

43. She never felt safe at FCI Dublin.

44. Now that she is released, she has been able to see a therapist who has provided her with some help, but she is still navigating the anxiety, fear, shame, and embarrassment.

45. Plaintiff K.S. was in BOP custody until August 30, 2024.

### EXHAUSTION

46. On November 4, 2024, Plaintiff K.S., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

47. The BOP acknowledged receipt on November 19, 2024.

48. The BOP has not substantively responded to her claim.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

49. Plaintiff K.S. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

50. Plaintiff K.S. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employee, Defendant Rodrigues.

51. The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

52. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

53. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

54. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

55. Defendant Rodrigues discriminated against Plaintiff K.S. based on her gender when he repeatedly sexually abused her by physically subjecting her to sexual acts.

56. By these acts, Rodrigues caused Plaintiff K.S. physical, mental, and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendant Rodrigues)**
**(Cal. Civ. Code § 52.4)**

57. Plaintiff K.S. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

58. Plaintiff K.S. brings this claim for gender violence under California Civil Code § 52.4 against Defendant Rodrigues.

59. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

60. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

61. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

62.     Plaintiff has a nonfrivolous argument that Defendant Rodrigues bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

63.     Rodrigues discriminated against Plaintiff K.S. based on her gender when he repeatedly sexually abused her by physically subjecting her to sexual acts.

64.     By these acts, Rodrigues caused Plaintiff K.S. physical, mental, and emotional injuries as well as injury to her personal dignity.

**THIRD CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant United States)**
**(FTCA; California Common Law)**

65.     Plaintiff K.S. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

66.     Plaintiff K.S. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employee, Defendant Rodrigues.

67.     This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

68.     His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

69.     Defendant Rodrigues violated Plaintiff K.S.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

70.     Defendant Rodrigues's sexual abuse of Plaintiff K.S. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

71.     Defendant Rodrigues subjected Plaintiff K.S. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff K.S.'s person.

72.     By intentionally subjecting Plaintiff K.S. to sexual acts, Defendant Rodrigues acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

*K.S. v. United States of America*, No.
Complaint for Damages and Jury Demand - 7

73. By repeatedly subjecting Plaintiff K.S. to sexual acts, Defendant Rodrigues caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

### FOURTH CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendant Rodrigues)
### (California Common Law)

74. Plaintiff K.S. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

75. Plaintiff K.S. brings this claim for sexual assault for violation of her rights under California common law against Defendant Rodrigues.

76. Plaintiff K.S. has a nonfrivolous argument that Defendant Rodrigues bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

77. Defendant Rodrigues violated Plaintiff K.S.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated.

78. Defendant Rodrigues's sexual abuse of Plaintiff K.S. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

79. Defendant Rodrigues subjected Plaintiff K.S. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff K.S.'s person.

80. By intentionally subjecting Plaintiff K.S. to sexual acts, Defendant Rodrigues acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

81. By repeatedly subjecting Plaintiff K.S. to sexual acts, Defendant Rodrigues caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

### FIFTH CLAIM FOR RELIEF
### SEXUAL BATTERY
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 1708.5)

82. Plaintiff K.S. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

83. Plaintiff K.S. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code § 1708.5 against the United States for the conduct of its employee, Defendant Rodrigues.

84. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

85. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

86. Defendant Rodrigues committed sexual battery against Plaintiff K.S. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

87. The sexual abuse of Plaintiff K.S., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

88. Defendant Rodrigues subjected Plaintiff K.S. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff K.S.'s person.

**SIXTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant Rodrigues)**
**(Cal. Civ. Code § 1708.5)**

89. Plaintiff K.S. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

90. Plaintiff K.S. brings this claim for sexual battery under California Civil Code § 1708.5 against Defendant Rodrigues.

91. Plaintiff K.S. has a nonfrivolous argument that Defendant Rodrigues bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

92. Defendant Rodrigues committed battery against Plaintiff K.S. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

93. The sexual abuse of Plaintiff K.S., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

*K.S. v. United States of America*, No.
Complaint for Damages and Jury Demand - 9

94. Defendant Rodrigues subjected Plaintiff K.S. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff K.S.'s person.

**SEVENTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant United States)**
**(FTCA; California Common Law)**

95. Plaintiff K.S. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

96. Plaintiff K.S. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendant Rodrigues.

97. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

98. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

99. Defendant Rodrigues engaged in outrageous conduct by repeatedly subjecting Plaintiff K.S. to sexual acts while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff K.S. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

100. Defendant Rodrigues's sexual abuse caused Plaintiff K.S. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

101. Defendant Rodrigues intended to cause Plaintiff K.S. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

///
///
///

*K.S. v. United States of America*, No.
Complaint for Damages and Jury Demand - 10

## EIGHTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant Rodrigues)
### (California Common Law)

102.    Plaintiff K.S. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

103.    Plaintiff K.S. brings this claim for the intentional infliction of emotional distress against Defendant Rodrigues.

104.    Plaintiff K.S. has a nonfrivolous argument that Defendant Rodrigues bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

105.    Defendant Rodrigues engaged in outrageous conduct by repeatedly subjecting Plaintiff K.S. to sexual acts while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff K.S. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

106.    Defendant Rodrigues's sexual abuse caused Plaintiff K.S. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

107.    Defendant Rodrigues intended to cause Plaintiff K.S. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

## NINTH CLAIM FOR RELIEF
### BANE ACT
### (against all defendants)
### (FTCA; Cal. Civ. Code § 52.1)

108.    Plaintiff K.S. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

109.    Plaintiff K.S. was in the custody and control of the United States during all relevant times.

110. Defendant Rodrigues violated Plaintiff K.S.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

111. Plaintiff K.S. has a nonfrivolous argument that Defendant Rodrigues bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

112. Defendant United States, by the actions of its employee Rodrigues, interfered with Plaintiff K.S.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

113. As a proximate result of these acts, Plaintiff K.S. sustained damage and injury.

**TENTH CLAIM FOR RELIEF**
**TRAFFICKING VICTIMS PROTECTION ACT**
**(against all defendants)**
**(18 U.S.C. § 1581, *et seq.*)**

114. Plaintiff K.S. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

115. Defendant Rodrigues knowingly recruited, enticed, and solicited Plaintiff K.S. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

116. Defendant Rodrigues made Plaintiff K.S. engage in sex acts through force and coercion.

117.    Plaintiff K.S. has a nonfrivolous argument that Defendant Rodrigues bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

118.    Defendant United States knew of, or should have reasonably known, that Defendant Rodrigues was soliciting Plaintiff K.S. in exchange for sex acts, and benefited by failing to protect Plaintiff K.S.

119.    This conduct has caused Plaintiff K.S. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

**ELEVENTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against the United States)**
**(FTCA; Cal. Civ. Code § 52.5)**

120.    Plaintiff K.S. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

121.    Defendant Rodrigues knowingly recruited, enticed, and solicited Plaintiff K.S. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

122.    Defendant Rodrigues made Plaintiff K.S. engage in sex acts through force and coercion.

123.    Defendant United States knew or should have known that Defendant Rodrigues was engaged in these activities and intentionally placed Plaintiff K.S. at greater risk of harm and/or failed to act in a manner that protected Plaintiff K.S. from harm.

124.    Defendant United States employed Defendant Rodrigues, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

125.    This conduct has caused Plaintiff K.S. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

///

///

///

## TWELFTH CLAIM FOR RELIEF
## CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendant Rodrigues)
### (Cal. Civ. Code § 52.5)

126.    Plaintiff K.S. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

127.    Defendant Rodrigues knowingly recruited, enticed, and solicited Plaintiff K.S. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

128.    Defendant Rodrigues made Plaintiff K.S. engage in sex acts through force and coercion.

129.    Plaintiff K.S. has a nonfrivolous argument that Defendant Rodrigues bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

130.    This conduct has caused Plaintiff K.S. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

### PRAYER FOR RELIEF

131.    Plaintiff K.S. prays for judgment against Defendant, and each of them, as follows:

(a)    An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff K.S. in an amount to be determined at trial;

(b)    An award to Plaintiff K.S. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c)    For such other and further relief as this Court may deem just and proper.

///
///
///

## JURY TRIAL DEMAND

Plaintiff K.S. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: March 6, 2026

SIEGEL, YEE, BRUNNER & MEHTA


By:_____
      EmilyRose Johns


GOLDEN LAW


By: /s/ *Deborah M. Golden*
      Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*